UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | 1:15-cr-00047-JAW |
| | ) | |
| KENNETH LANCASTER | ) | |

**ORDER DENYING MOTION FOR EARLY TERMINATION**

On May 14, 2008, a federal grand jury in the District of Nevada indicted Kenneth Lancaster for failing to register as a sex offender under the Sex Offender Registration and Notification Act and for being a felon in possession of a firearm and ammunition. *Transfer of Jurisdiction* Attach. 2 *Indictment* (ECF No. 1). Having pleaded guilty to being a convicted felon in possession of a firearm and ammunition, a district court sentenced Mr. Lancaster on January 9, 2009 to sixty-three months of incarceration and thirty-six months of supervised release. *Id.* Attach. 3 *J.* (*J.*). On February 23, 2015, Mr. Lancaster's supervised release was transferred to the District of Maine. *Transfer of Jurisdiction* (ECF No. 1).

On November 6, 2015, Mr. Lancaster filed a pro se motion for early termination of his supervised release. *Mot. to Terminate Def.'s Supervised Release Term* (ECF No. 2). Mr. Lancaster says that his term of supervised release began on June 12, 2013. *Id.* at 1. He claims that his "conduct since release personifies change, cooperation, and absolute compliance." *Id.* at 2. Acknowledging that the thirty-six months of supervised release would not terminate for another seven months, Mr. Lancaster notes that he receives steady income from social security and represents that he has

"not been arrested or had any violations of supervision submitted since release." *Id.* at 4.

The Government tells another story. *Resp. of the Gov't in Opp'n to the Def.'s Mot. to Terminate Supervised Release Term* (ECF No. 3). Contrary to Mr. Lancaster's representations, the Government says that Mr. Lancaster has been "charged with multiple criminal offenses while on supervised release." *Id.* at 1. The Government observes that Mr. Lancaster was issued a criminal summons from the Franklin County, Maine Sheriff's Office on December 20, 2014 for Operating Without a License in violation of 29-A M.R.S. § 1251. *Id.* at 2; *Id.* Attach. 1 *Uniform Summons and Compl.* On February 2, 2015, Mr. Lancaster pleaded guilty to that offense and was ordered to pay a $200 fine. *Id.* Attach. 2 *J. and Commitment.*

On October 24, 2015, just two weeks before filing his motion for early termination, Mr. Lancaster was issued another criminal summons, this time from the Winslow, Maine, Police Department for Operating While License Suspended or Revoked in violation of 29-A M.R.S. § 2412-A. *Id.* at 2; *Id.* Attach. 3 *Summons Report.* Mr. Lancaster has a pending court date on that criminal summons. *Id.* at 2.

Under the terms of his supervised release, Mr. Lancaster was prohibited from "commit[ting] another federal, state or local crime." *J.* at 3. The December 20, 2014 criminal summons to which Mr. Lancaster pleaded guilty on February 2, 2015 represents a clear violation of his term of supervised release, and the October 24, 2015 criminal summons may represent a second violation of this same term. The Court considers Mr. Lancaster's continued driving with a suspended license to reflect

2

a casual, if not contemptuous, view of his basic obligation as a citizen and as a supervisee not to break the law.  Mr. Lancaster's failure to acknowledge these encounters with law enforcement in his motion for early termination gives the Court considerable pause.

Under 18 U.S.C. § 3583(e)(1), a court is authorized to terminate a period of supervised release "if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice."  The statute suggests that a court should consider the factors set forth in 18 U.S.C. § 3553(a), which include among other things the nature and circumstances of the offense, the history and characteristics of the defendant, and the need to protect the public from future crimes of the defendant.  The Court need go no further than the need to protect the public from future crimes of Mr. Lancaster.  Despite being on supervised release, he continues to violate state law and his request for early termination is therefore doomed.

The Court DENIES Motion to Terminate Defendant's Supervised Release (ECF No. 2).

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 8th day of December, 2015